IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:06-CV-0758-JOF |
| | : | |
| STUART B. HODGES, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the court on the United States of America's motion for attorney's fees [15-1]; Respondent's motion to stay [19-1]; the United States of America's motion for contempt [26-1]; Respondent's motion to dismiss [30-1]; and Respondent's motion to produce authority to bring suit [31-1].

On March 14, 2006, the United States of America filed a petition seeking to enforce an IRS summons served on Respondent, Stuart B. Hodges, relating to the Government's investigation of Respondent's tax liability for the years 1998, 1999, 2000, and 2001. Respondent filed a motion to dismiss. After a show cause hearing, Magistrate Judge C. Christopher Hagy issued a Report and Recommendation recommending that the court grant the Government's petition to enforce the summons and deny Respondent's motion to dismiss. In an order dated January 16, 2007, the court adopted the Report and

Recommendation of the Magistrate Judge. The court directed the Government to file a motion for its costs and attorney's fees. The Government did so.

Several events happened after the court issued its order. Revenue Officer K.O. Justice wrote to Respondent and informed him that he was scheduled to appear before the Revenue Officer on February 5, 2007, at 10:00 a.m. to comply with the summons. Respondent failed to appear. Instead, on January 29, 2007, Respondent wrote to Revenue Officer Justice requesting that his appointment be delayed pending appeal. Revenue Officer Justice responded to Respondent's letter and stated that an appeal would not stay the court's January 16, 2007 order. Revenue Officer Justice also asked Respondent to select a date in February 2007 to appear and comply with the court's order or the Government would seek contempt sanctions from the court. On February 19, 2007, Respondent again wrote to Revenue Officer Justice seeking a delay. Revenue Officer Justice responded by letter indicating that the IRS summons had been outstanding since October 2005 and the Government would not delay.

On February 20, 2007, Respondent filed a notice of appeal and a motion to stay proceedings pending appeal. On May 23, 2007, the United States Court of Appeals for the Eleventh Circuit dismissed Respondent's appeal for want of prosecution. On July 25, 2007, the Court of Appeals reinstated Respondent's appeal.

**Motion to Stay**

2

Under Federal Rule of Civil Procedure 62(c), the court applies a four-factor test when considering a motion to stay pending appeal: (1) the likelihood of prevailing on the merits on appeal, (2) the likelihood that the movant will suffer irreparable harm from the denial of the stay, (3) that the other parties will not be harmed by a stay, and (4) that granting the stay will serve the public interest. *See, e.g.*, *Venus Lines Agency v. CVG Venezolana de Aluminio, C.A.*, 210 F.3d 1309, 1313 (11th Cir. 2000).

The court finds that Respondent has not demonstrated a likelihood of success on the merits. The only harm Respondent proffers is that he will lose his privacy interest should the IRS obtain the documents sought in the subpoena, but the court has already ruled that the IRS is entitled to those documents. Furthermore, even if Respondent could demonstrate some harm, he would still have to show the likelihood of success on the merits, which he cannot. Finally, the public interest is served by the IRS being able to conduct the subpoena the documents as it is permitted to under the law.

For the foregoing reasons, the court DENIES Respondent's motion to stay [19-1].

**Motion for Contempt**

On March 9, 2007, the Government filed a motion for contempt based on Respondent's failure to appear at the February 5, 2007 appointment with Revenue Officer Justice. Respondent thereafter filed a motion to dismiss the motion for contempt, as well as a motion to "produce authority." Once again, in these motions, Respondent has made the

3

same frivolous arguments he has raised before, including that he is a citizen of Georgia and not the United States of America, that the United States District Court is not a "true" United States court as established under Article III of the United States Constitution, as well as other arguments in the general genre of "tax protestors."

Out of an abundance of caution, because the Government's motion for contempt was filed around the time Plaintiff had filed an appeal and had requested a stay pending appeal, the court will not immediately grant the Government's motion for contempt. The court notes, however, that this is the last opportunity that Plaintiff has to comply with the IRS summons and the court's January 16, 2007 order, or he will face contempt proceedings. The court has heard the argument of Plaintiff through motions, as well as the show cause hearing before the Magistrate Judge. The court has rejected Plaintiff's arguments and ruled that Plaintiff must comply with the IRS summons. Plaintiff must now comply with the summons in the manner set forth below.

**Motion for Attorney's Fees**

In the Government's motion for attorney's fees, Assistant United States Attorney Stephen H. McClain submits a declaration that he spent 2 hours preparing the petition to enforce the IRS summons, 3.5 hours preparing for and attending the show cause hearing, and 1.5 hours reviewing the pleadings filed by Plaintiff. At the Department of Justice approved

4

rate of $136.74, and the total hours expended of seven, the Government requests $957.18 in attorney's fees.

Assistant United States Attorney McClain then submitted a supplemental declaration on March 9, 2007, stating that since his January 20, 2007 declaration, he has expended an additional 3.5 hours reviewing case law on motions to stay, motions for contempt, and related issues. He spent 2.5 hours drafting the Government's response to Respondent's motion to stay proceedings, and 4.5 hours drafting the Government's motion for civil contempt. This work constitutes 10.5 hours at a rate of $136.74 for a total of $1,435.77.

Combining the totals, the court reaches a calculation of 17.5 hours of attorney time at a rate of $136.74 per hour for a total of $2,392.95. Applying the principles of *Norman v. Housing Authority*, 832 F.2d 1292, 1299 (11th Cir. 1988), and *Barnes v. ACLU*, 168 F.3d 423, 427 (11th Cir. 1999), the court finds these hourly rates and expended hours to be reasonable. Therefore, in accordance with its order of January 16, 2007, the court DIRECTS Plaintiff to pay to the Government $2,392.95 in attorney's fees expended to enforce the IRS summons.

AO 72A
(Rev.8/82)

**Conclusion**

The court GRANTS United States of America's motion for attorney's fees [15-1]; DENIES Respondent's motion to stay [19-1]; DENIES WITH LEAVE TO RENEW the United States of America's motion for contempt [26-1]; DENIES Respondent's motion to dismiss [30-1]; and DENIES Respondent's motion to produce authority to bring suit [31-1].

The court DIRECTS the Government to offer Respondent two alternative dates within the next 30 days at which to appear before Revenue Officer Justice to comply with the IRS summons. Should Respondent fail to appear, the court DIRECTS the Government to renew its motion for sanctions within ten (10) days of Respondent's failure to appear. The court cautions Respondent that this is his last opportunity to comply with the court's order and the IRS summons. If Respondent fails to appear, the court will seriously consider the Government's renewed motion for contempt, including the possibility of imposing a fine for each day that the documents are not produced to the Government. The court reminds Respondent that it has determined there is no legal justification for his failure to respond to the summons. Therefore, Respondent must comply with the court's January 16, 2007 order or be found in contempt.

The court also DIRECTS Respondent to pay the Government $2,392.95 in attorney's fees and costs within twenty (20) days from the date of this order. The court again cautions Respondent that failure to pay these fees could also result in the court's finding of contempt.

6

**IT IS SO ORDERED** this 28th day of August 2007.


                                                                                                s/ J. Owen Forrester
                                                                                              J. OWEN FORRESTER
                                        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)